388 So.2d 1336 (1980)
CITY OF JACKSONVILLE FIRE DIVISION and Gallagher Bassett Insurance Service, Appellants,
v.
Mitchell J. McDANIEL, Appellee.
No. RR-67.
District Court of Appeal of Florida, First District.
October 10, 1980.
*1337 Dawson A. McQuaig, Gen. Counsel, and William Lee Allen and Grady W. Martin, Asst. Counsel, Jacksonville, for appellants.
John D. Rawls of Thames & Rawls, Jacksonville, for appellee.
PER CURIAM.
The employer and carrier appeal the judge of industrial claims' award of 66 percent permanent partial disability (based on 25 percent physical impairment to the body as a whole and 20 to 40 percent psychological impairment) and award of fees to the psychologist who testified for the claimant. Appellee, in turn, cross-appeals that he should have been found permanently, totally disabled and that the interest rate on the award should have been 12 percent instead of six percent. We reverse in part.
McDaniel, a combat firefighter (periodically called upon to handle medical emergencies and rescues), injured his back in a 1976 on-the-job accident. After a laminectomy, he was released with a ten percent permanent partial disability rating in February 1977. He suffered a second job-related back injury in November 1977, and after yet another laminectomy his doctor stated he had a 25 percent permanent disability to the body as a whole.
A psychologist, Dr. Reynolds, found appellee to have a 20- to 40 percent permanent psychological disability caused by the accidents and his physical injuries. Dr. Reynolds said McDaniel, because of the psychological damage from his injuries, should not continue his current employment (he was still a combat firefighter at the time of the hearing). The key testimony, however, was Dr. Reynolds' statement that there was a chance appellee would improve with further psychological or psychiatric treatment but had rejected such treatment. The psychologist said appellee should not be ordered to undergo more treatment because he would only resist it and thereby render it useless. The JIC accepted Dr. Reynolds' evaluation and found appellee permanently, partially disabled, as described above.
We reverse the award because it has not been satisfactorily demonstrated that appellee could not respond to further psychological care, so a permanency finding was premature. An injured worker may be denied benefits when she or he unreasonably refuses to undergo treatment "which does not involve serious suffering or danger of serious harm... ." Twisdale v. Womack & Martel, 148 So.2d 21, 24 (Fla. 1962). Before the JIC may award permanent partial benefits in this case, further treatment must be attempted. If after a period of treatment appellee shows no improvement, then the requirement of Twisdale, supra, *1338 will have been met and the JIC may award an appropriate percentage of permanent disability.
Our holding on this issue resolves two of appellant's three points and both of appellee's points on cross-appeal. As to the award of Dr. Reynolds' fee, because his examination and testimony provided direct input into the JIC's deliberations in this case, the fees were properly taxed as costs against the employer/carrier.
Reversed in part and remanded for further proceedings consistent with this opinion.
MILLS, C.J., and McCORD and WENTWORTH, JJ., concur.