McCORD, Judge.
Appellant, Willingham, appeals from an order of the Judge of Industrial Claims which denied appellant’s claim for temporary total disability benefits, permanent partial disability benefits, and medical expenses for a spinal fusion and subsequent treatment. We find that the evidence shows the accident which prompted the claim was causally related to Willingham’s need for the spinal fusion and subsequent treatment. Therefore, we reverse.
On June 19, 1977, Willingham injured his lower back in a work-related accident when he was employed by appellee Boynton Service Corporation, a company of which he was president. Willingham had previously, in 1973, injured his lower back in a work-related accident, when he was employed by Green Acres Sod, a company of which he also was president. After treatment for that earlier injury, Willingham’s doctor discharged him, giving him a 35% permanent functional impairment rating. In 1975, Willingham entered into a wash-out settlement as to that injury for the sum of $14,-000, $1,000 of which was allocated to “future medical expenses.” The evidence shows that after that first accident, Will-ingham returned to work and was able to perform fully his duties. He testified that his back gradually improved and that from 1975 until June 1977 he constantly improved and extended his work and off-duty activities. He testified that he even engaged in bike riding, swimming, hunting and bowling. He also testified that in September 1976 he consulted an orthopedic spe *711 cialist, Dr. Rahilly, to see if anything could be done “to help me get rid of this pain if it continued to progress.” Dr. Rahilly testified that when he saw Willingham in September 1976 he told him that his back condition would probably get worse as time went on and that the “only way out was to have a spinal fusion operation.” Willing-ham testified that before the second accident, he would not consider the fusion surgery.
After the 1977 accident, Willingham was treated by other doctors with physiotherapy but also returned to Dr. Rahilly. He and Dr. Rahilly testified that Willingham was much worse after the 1977 accident.
In November 1977, Willingham had the spinal fusion surgery. As a result of the surgery, Willingham could not fully perform his job for the following eight months, after which he was able to gradually assume more duties. Employer paid Willing-ham his salary for the months he was temporarily disabled.
Dr. Rahilly testified that the necessity for the surgery in November 1977 was the result of a combination of causes, including the aggravation of the back problem by the second accident. Dr. Rahilly also testified that, in his opinion, the 1977 accident was the final straw which caused Willingham to have to have the fusion surgery. He testified that he would estimate that appellant suffered an additional disability of about 20% of the body as a whole as a result of the second accident. Dr. Rahilly was the only medical expert testifying.
The Judge of Industrial Claims found that the necessity for the spinal fusion operation was not related to the June 1977 accident; that the operation and its residual effects were causally related to the 1973 accident for which this employer/earrier is not responsible. Thereupon,'the Judge of Industrial Claims denied Willingham’s claim for temporary total disability benefits, permanent partial disability benefits, and for medical expenses for the spinal fusion and subsequent treatment. He ordered employer/carrier to pay for Willingham’s medical expenses for physiotherapy for the temporary aggravation of the pre-existing condition up until November 27,1977, when Will-ingham had surgery.
The only testimony before the Judge of Industrial Claims (that of Willing-ham and the deposition of Dr. Rahilly) shows that the June 1977 accident played a part in the sudden necessity for the surgery, and the June 1977 accident added a 20% disability to Willingham’s pre-existing 35% disability. Thus, the Judge of Industrial Claims’ conclusion that the necessity for the spinal fusion surgery was not causally related to the June 1977 accident is not supported by competent substantial evidence. The evidence presented supports a conclusion that the June 1977 accident contributed to the need for the surgery and that it also caused an additional permanent partial disability. When a pre-existing disabling condition contributes to the need for medical treatment after a second injury, if the second injury also' contributes to the need for those medical benefits, the second employer/earrier must pay for the treatment. § 440.02(18), Fla.Stat. (1977). Therefore, the Judge of Industrial Claims erred in denying Willingham permanent partial disability compensation as a consequence of the June 1977 accident. He also erred in denying the claim for payment of medical, surgical and hospital expenses and benefits.
Since the disabilities resultant from the spinal fusion operation are compensable, the Judge of. Industrial Claims erred in not assessing temporary disability benefits due Willingham and in not ordering reimbursement of compensation paid by the employer (in the form of wages during Willingham’s disability) as required by § 440.20(13).
Reversed and remanded for reconsideration in light of this opinion.
LARRY G. SMITH and WENTWORTH, JJ., concur.