PER CURIAM.
Appellants, in their first point, have urged that the Deputy Commissioner erred in finding that the claimant received an injury by accident arising out of and in the course and scope of his employment. A review of the record indicates there was substantial competent evidence to support the deputy’s finding in this regard, so we affirm as to this point.
Appellants’ second point, however, in which they argue that the deputy erred in excusing the physicians for their failure to file medical bills and reports presents a troublesome point. The deputy’s order excuses the physicians’ filings “because of the nature of the case and the fact that they [the doctors] very rarely deal with workmen’s compensation matters”. § 440.13, Fla.Stat. (1977). There is no evidence that the doctors were unfamiliar with compensation matters; in fact, evidence suggests the contrary. The findings are inadequate to review whether or not the deputy could excuse the lack of filing for other reasons. We, therefore, remand the case to the deputy for further consideration. On remand, the deputy should determine whether good cause or waiver is otherwise present as urged by appellee. In making this determination, the deputy should consider the purposes behind the filing of timely reports and the question of prejudice, if any, caused by the failure to file timely reports. Torres v. Eden Roc Hotel, 238 So.2d 639 (Fla.1970); Jones v. Plantation Foods, 388 So.2d 590 (Fla. 1st DCA 1980). The deputy may take further evidence to make these findings.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
McCORD, SHIVERS and JOANOS, JJ., concur.