PER CURIAM.
In this appeal from a workers’ compensation order, the employer/carrier challenge the adequacy of the notice of injury, the award of temporary partial disability during the period the claimant Gene Thomas was employed (part-time), and the award of medical expenses. We affirm the order of the deputy commissioner on the first two points because there is competent, substantial evidence to support those determinations. On the issue of medical expenses, however, we reverse and remand for further proceedings for the reasons explained below.
At issue on the question of payment of medical expenses is the failure of the hospital and the attending physician to timely file medical reports. Section 440.13(1), Florida Statutes. The deputy commissioner’s order excuses the failure to timely file the reports based on the fact that the medical treatment was “reasonable and necessary” and “the circumstances involved.” It must be presumed from the context of the order that the phrase “the circumstances involved” refers to the fact that the employer/carrier refused to provide medical services. In Broward Industrial Plating, Inc. v. Weiby, 394 So.2d 1117 (Fla. 1st DCA 1981), this court held that the refusal to provide medical services is not good cause which excuses the failure to timely submit the required reports, nor is the fact that a claim is being contested sufficient to constitute good cause. See also, St. Francis Hospital v. Feinberg, 192 So.2d 753 (Fla.1966). Furthermore, an excusal based solely on the finding that the medical treatment was “reasonable and necessary” is also insufficient. Broward Industrial Plating, Inc. v. Weiby, supra. Accordingly, we must remand this cause for appropriate findings as to whether there was good cause to excuse the failure to comply with the statutory reporting requirements.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
MILLS, ERVIN and LARRY G. SMITH, JJ., concur.