409 So.2d 185 (1982)
CEDARS OF LEBANON HEALTH CARE CENTER, INC., and Corporate Group Service, Inc., Appellants,
v.
Gloria SUMMERSET, Appellee.
No. AC-270.
District Court of Appeal of Florida, First District.
February 2, 1982.
*186 Steven Kronenberg, Adams, Kelley & Kronenberg, Miami, for appellants.
Howard L. Silverstein, Silverstein & Hellman, Miami, for appellee.
PER CURIAM.
The employer/carrier appeal from an order of the deputy commissioner awarding temporary total disability to the claimant, ordering payment of the bills of Dr. Mario Ambrose, a psychiatrist, and reserving jurisdiction to later rule upon the E/C's responsibility for bills of certain other doctors. We affirm the award of temporary total disability benefits. However, we find an absence of the necessary finding of "good cause" to excuse the failure of Dr. Ambrose to file reports of injury and treatment within the time prescribed by Section 440.13(1), Florida Statutes. We find no error in the order of the deputy commissioner deferring a decision on bills for hospitalization at Mercy Hospital, and for the professional services of various physicians, pending proof of authorization, necessity and causal connection to the injuries sustained in the accident.[1] Affirmed in part, reversed in part, and remanded.
Regarding the award of temporary total disability, we find from our examination of the record that the testimony and medical records of Dr. Ambrose were sufficient to support the deputy's finding that claimant was unable to work because of her psychiatric condition, superimposed upon her residual pain and continuing physical disabilities and discomfort resulting from the accident and surgery undertaken to alleviate the injuries to her back. Dr. Ambrose found that the claimant had a severe depressive reaction which he related to her accident and her unsatisfactory recovery from back surgery. Her accident interrupted her training for a position as an emergency medical technician, and she continued to have pain, inability to sleep, and numerous other physical manifestations following her surgery. She was seen by numerous doctors, some authorized, some not, and underwent further treatment following the initial laminectomy and disc excision performed by Dr. Bacon.
Dr. Bacon, as early as December 20, 1978, some six weeks following the laminectomy, reported to the employer/carrier that he felt the claimant would benefit from readmission to the hospital for four or five days for rehabilitation and for psychological evaluation. This recommendation was ignored by the E/C. He reported further on January 31, 1979, that a psychological evaluation would be of benefit, but that claimant was opposed to this.[2] Again, the E/C ignored Dr. Bacon's recommendation. Claimant was finally hospitalized again in March, 1980, by her family physician, Dr. Menendez, for physical conditions and her depressed mental state. She was seen by a neurosurgeon and an orthopedic surgeon, both of whom felt she required psychiatric treatment. Dr. Menendez therefore called *187 in Dr. Ambrose, who found her in a severely depressed psychiatric condition, which he treated with medication and psychotherapy. Dr. Ambrose found that her depressed state would prevent her from functioning in a work environment and his deposition and reports, buttressed by testimony from the claimant, indicated that she was temporarily and totally disabled from the date of the accident to the date of hearing. In addition to her psychiatric condition, the overwhelming weight of the evidence shows a physical impairment from her back injury ranging from 15 to 25%, and that she was unable to perform any work that involved heavy lifting or repeated bending, which of necessity ruled out continuing her employment as a nurse's aide.
We conclude that the deputy commissioner's findings of temporary total disability were supported by competent, substantial evidence. The parties have agreed, however, that the decretal order is in error in awarding temporary total disability benefits to continue "until claimant reaches maximum medical improvement." That portion of the order is vacated, and it is ordered that temporary total disability benefits shall continue only for such period of time as claimant remains temporarily and totally disabled.
With respect to the E/C's contention that it was error to order payment of the medical bills of Dr. Ambrose, we find there was ample evidence in the record to support the deputy's finding that authorization was unnecessary. As mentioned above, the need for psychological evaluation was known to the E/C through the reports of Dr. Bacon almost from the beginning of the claimant's long period of attempted recovery from her accident. In addition, it further appears that the claimant's attorney, on April 9, 1980, specifically requested payment for the psychiatric evaluation and treatment provided by Dr. Ambrose, and for continued treatment by that doctor. This request was ignored. We agree with appellee's assertion that the E/C here treated the psychiatric aspects of claimant's injury as if they did not exist. We therefore concur in the finding of the deputy commissioner that the claimant was justified under these circumstances in seeking out and obtaining psychiatric care from her own physician. We note, parenthetically, that the claimant did not herself seek the services of Dr. Ambrose, but instead, he was brought in to the case by Dr. Menendez, after at least three physicians had noted the need for psychiatric care.
Although we have sustained the deputy commissioner's finding that the failure to obtain prior authorization for treatment by Dr. Ambrose does not relieve the E/C of the burden of paying for his services, we are compelled to note the absence of any finding of "good cause" to excuse the failure of Dr. Ambrose to file reports as required by Section 440.13(1), Florida Statutes. This court has repeatedly insisted upon such a finding as an essential prerequisite to an order for payment for medical services where these reporting requirements have not been satisfied. Broward Industrial Plating, Inc. v. Weiby, 394 So.2d 1117 (Fla. 1st DCA 1981); Gory Associated Industries v. Thomas, 402 So.2d 1341 (Fla. 1st DCA 1981); Arkin Building Corporation v. Miller, 401 So.2d 874 (Fla. 1st DCA 1981); Walt Disney World Company v. Schiebel, 397 So.2d 1004 (Fla. 1st DCA 1981); Olson v. Wagner, 390 So.2d 1247 (Fla. 1st DCA 1980). On remand, the deputy commissioner must make specific findings on this issue, and in doing so, he should consider the purposes behind the reporting requirement and the prejudice, if any, to the E/C by reason of the untimeliness of Dr. Ambrose's reports. Torres v. Eden Roc Hotel, 238 So.2d 639 (Fla. 1970); Olson v. Wagner, supra.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
LARRY G. SMITH, THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] The proceedings below were held in three separate sessions, on October 28, 1980, December 19, 1980, and February 19, 1981. The last "hearing," on February 19th, was actually conducted by telephone. The parties stipulated on introduction of medical and hospital reports and records, and no issue was raised concerning the submission of bills for ruling, other than that submitted by Dr. Ambrose, to which objection was made by the E/C's counsel. We agree with appellee's contention that efforts were made by both sides to expedite the matter, and we find no abuse of discretion in the deputy's reservation of ruling on the remaining medical bills pending further proceedings.
[2] We do not view claimant's expressed opposition to psychological evaluation as an "unreasonable refusal" to undergo necessary treatment so as to bar her later claim for the expense of such treatment. Cf. City of Jacksonville Fire Division v. McDaniel, 388 So.2d 1336 (Fla. 1st DCA 1980). Such evaluation and treatment was never offered nor ordered by the E/C.