PER CURIAM.
The claimant Brown appeals an order of the deputy commissioner assigning a 35% permanent partial disability (PPD) rating based on loss of wage earning capacity. Claimant contends that the evidence compels a finding that he is permanently and totally disabled (PTD) based on his loss of wage earning capacity. From the record before us we are unable to determine the basis for the order which rejects that contention and concludes that claimant, due to “impairment, . . . age, education, work history, and marketable skills,” is now “capable of obtaining and holding . . . sedentary minimum wage level employment.” We therefore reverse and remand for reconsideration of that issue.
In support of his position, claimant points to his extensive work search and correctly argues that such evidence has been found sufficient to shift the burden to the employer/carrier (E/C) to demonstrate that there is work available which the claimant is capable of doing. Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla.1975). Since no such evidence was produced by the E/C, claimant asserts that he is entitled to PTD benefits.
However, in this case the evidence in support of the claim for total loss of earning capacity clearly required the deputy to evaluate the credibility of claimant’s testimony. Even though that testimony as to subjective symptoms as well as inability to get employment was uncontroverted, the deputy could of course reject it in whole or in part. Tatum v. Leon Moss Dairy, 339 So.2d 639 (Fla.1976). If the record or order contained any indication that the deputy doubted the good faith of claimant’s evidence of unemployability and the debilitating effects of his injuries, we would be inclined to affirm the award. John Caves Land Development Co. v. Suggs, 352 So.2d 44 (Fla.1977). Absent any such finding or inference, the case is remanded with instructions to the deputy to clarify or reconsider the denial of compensation for permanent disability in excess of 35% based on the existing record.
MILLS, WENTWORTH and THOMPSON, JJ., concur.