PER CURIAM.
The deputy commissioner’s order is affirmed except for that part which excuses the late filing of Dr. Penner’s medical reports for treatment, rendered after July 11, 1980.
The claimant was treated by several doctors prior to Dr. Penner, but during the latter’s treatment it was discovered that claimant’s injuries had been caused by his industrial accident. Ordinarily, the deputy must find that there was good cause for the failure to file timely medical reports, and that the failure did not result in prejudice to the employer/carrier. Cedars of Lebanon Health Care Center, Inc. v. Summerset, 409 So.2d 185 (Fla. 1st DCA 1982); Section 440.13(1), F.S. However, where it is clear from the record on appeal that the failure to file Section 440.13(1) reports resulted from a confused legal situation or complex factual circumstances, an award of medical *417 expenses will be affirmed in the absence of the requisite finding of good cause. Joy Footwear Corporation v. Folgueral, 409 So.2d 188 (Fla. 1st DCA 1982); Exxon Company, U.S.A. v. Rodriguez, 410 So.2d 571 (Fla. 1st DCA 1982).
Appellee properly concedes that no good cause existed for Dr. Penner’s failure to timely file reports after the compensable nature of the injury was discovered on July 11. Accordingly, the deputy’s order is reversed insofar as it requires the employer/carrier to pay for medical treatment rendered by Dr. Penner after that date for which reports were not timely filed, and in all other respects is affirmed.
AFFIRMED in part and REVERSED in part.
MILLS, LARRY G. SMITH and SHAW, JJ., concur.