WIGGINTON, Judge.
Finkel appeals from the order of the deputy commissioner denying and dismissing with prejudice his claim for payment of medical treatment, hospitalization and temporary total disability benefits. The issue before us is whether there was presented substantial competent evidence such as to support a finding that claimant’s low back surgery of April 15, 1981, and the corresponding total disability resulting therefrom was not causally related to the work related accident of December 24, 1980. There is record evidence clearly in support of the deputy’s findings and conclusions and we affirm.
Claimant attacks, with specificity, the deputy’s fourteen page amended order. It is settled law that it is the deputy’s function
to resolve conflicts in the evidence, .. ., and he may accept the testimony of one physician over that of several others ... He need not explain precisely why he accepts the testimony of one witness and rejects that of another as long as it does not appear that he ignored or overlooked contrary testimony ... (citations omitted).
Jefferson Stores, Inc. v. Rosenfield, 386 So.2d 865 (Fla. 1st DCA 1980). It is apparent from the order that the deputy did not ignore or overlook the testimony of Dr. Carr or Dr. Feldman, and his reasons for accepting the testimony of Dr. Maniscalco and Dr. Smolensky, if not apparent from his order, is readily so from the record. Rouse v. Wyldwood Tropical Nursery, 392 So.2d 370 (Fla. 1st DCA 1981).
Willingham v. Boynton Service Corporation, 383 So.2d 710 (Fla. 1st DCA 1980), cited by claimant as a similar case, is not so “similar,” as the deputy, there, ignored the testimony of the only medical expert testifying. Here, the deputy had before him the depositions of the claimant, four doctors and two psychologists, and had the advantage of the testimony of the claimant, in person, at the hearing.
His order is based on substantial competent evidence comporting with logic and reason. AFFIRMED.
BOOTH and NIMMONS, JJ., concur.