McCORD, GUYTE P., Jr. (Retired), Associate Judge.
In this worker’s compensation action, the claimant contends that the deputy commissioner erred in disregarding without reason the uncontroverted opinion of a physician, selected by the employer/carrier (E/C), that claimant needed psychiatric evaluation, and then denying claimant’s claim therefor. We agree, and remand to the deputy commissioner for clarification of the basis of his order denying the claim for psychiatric evaluation.
Claimant incurred a compensable injury to his neck and back in December, 1980. From the date of the injury until October, 1982, the E/C referred claimant to numerous orthopedic physicians because of continuing pain in the area of the injury. In October, 1982 claimant consulted Dr. Russell Sklenicka of the Watson Orthopedic Clinic, who examined claimant and subsequently submitted a report which stated that, although no objective physical findings explained claimant’s pain, claimant “need[ed] supportive care ... done on a neuro-psychiatric basis.” This opinion was the foundation of claimant’s subsequent claim against the E/C for a psychiatric evaluation. No additional evidence supporting the claim was adduced by claimant at the hearing thereon, nor did the E/C there attempt to refute the opinion of Dr. Sklenicka. The deputy denied the claim, stating in his order: “I disregard the report of Dr. Sklenicka and find that the claimant is not entitled to further medical attention of a psychiatric nature.”
This court said in Castro v. Florida Juice Division, 400 So.2d 1280 (Fla. 1st DCA 1981), that
[although a deputy commissioner’s order does not have to state expressly that the testimony of a particular witness is not credible, see John Caves Land Development Co. v. Suggs, 352 So.2d 44 (Fla. 1977), the deputy should offer a sufficient reason for rejecting expert medical testimony, especially if such testimony is unrefuted.
Id. at 1282. We find that the deputy rejected the medical opinion relied on by claimant without providing a sufficient reason for that rejection.
We therefore remand to the deputy with instructions to order a psychiatric evaluation of claimant or enter an order clarifying the basis of his order denying psychiatric evaluation.
*830 MILLS, J., concurs.
WENTWORTH, J., concurs specially with opinion.