483 So.2d 1389 (1986)
John LOUGHAN, Appellant,
v.
SLUTZ SEIBERLING TIRE AND SENTRY CLAIMS SERVICE, Appellee.
No. BF-418.
District Court of Appeal of Florida, First District.
March 11, 1986.
*1390 Jonathan M. Sabghir of Butler & Pettit, P.A., Ft. Lauderdale, for appellant.
Maura A. Barry of Miller, Hodges, Kagan & Chait, P.A., Deerfield Beach, for appellee.
McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
In this workers' compensation case, Loughan appeals from an order denying reimbursement of medical expenses. He contends that the deputy commissioner erred in rejecting the medical testimony presented on the issue of causation relating to his shoulder injury, and further erred in failing to excuse the late filing of medical bills relating to his back surgery. We affirm in part and reverse in part.
Loughan was working as a tire mechanic for the employer on 27 July 1974 when a tire rim exploded and struck him across the forehead, fracturing his skull. A severe head injury was sustained and a craniectomy had to be performed. In addition, Loughan suffered repeated "grand mal" seizures from 1974 through 1978 as a result of his head injury. These seizures were very violent and caused more injury to Loughan, including a broken collarbone and kneecap.
In December of 1980, Loughan, who was suffering from back pain, was referred to Dr. Edward Genovese, an orthopedic surgeon, by his then attorney of record. Dr. Genovese discovered the presence of a herniated disc and performed surgery in March 1981. It was not until this surgery was performed that Dr. Genovese realized that Loughan's disc problem was the result of a "grand mal" seizure induced by his compensable head injury. However, Loughan did not discover Dr. Genovese's opinion as to the causal relationship between his head and back injury until December of 1981. This transpired during the deposition of the doctor taken in connection with Loughan's third party action against Firestone Tire and Rubber Company. Loughan's attorney at that time did not file a claim for reimbursement of Dr. Genovese's services with the employer until 16 December 1982.
In October of 1984, Loughan sought treatment from Dr. Alvin Stein for back, neck and shoulder problems he was experiencing. Dr. Stein attempted to obtain authorization from the employer during Loughan's initial consultation with him, but this was denied. The doctor diagnosed shoulder bursitis, cervical arthralgia and lumbar inflammation, all of which he related to Loughan's industrial accident.
In his order, the deputy found that while Dr. Stein's treatment of Loughan's back and neck was the responsibility of the employer, the shoulder bursitis was not causally connected to the on-the-job accident and Loughan was responsible for Dr. Stein's bill as far as that portion of the *1391 treatment was concerned. The deputy further found that Dr. Genovese's bills and the related hospitalization expenses were not the responsibility of the employer because of Loughan's failure to timely file in compliance with Section 440.13, Florida Statutes (1983).
Dr. Stein attributed Loughan's shoulder injury to the broken clavicle which he suffered as a result of his industrial accident vis-a-vis a seizure. Dr. Perry, the claimant's authorized and primary treating physician since the date of the accident, confirmed that Loughan had broken his collarbone during one of his violent "grand mal" seizures.
Dr. Stein testified that x-rays of Loughan's shoulder revealed that the fractured clavicle had healed with a deformity and this deformity had manifested itself into Loughan's current shoulder problem. The employer offered no contradictory medical or lay opinion to negate this testimony.
It is an abuse of discretion for a deputy to reject uncontroverted medical testimony without a reasonable explanation. McCandless v. M.M. Parish Construction, 449 So.2d 830 (Fla. 1st DCA 1984). Further, where the testimony and evidence at a hearing are uncontradicted, a finding contrary to the manifest weight of such testimony and evidence is not supported by competent substantial evidence. Id. Therefore, we find that it was error for the deputy to deny reimbursement for the treatment of Loughan's shoulder injury and remand with instructions that Dr. Stein's total bill be paid by the employer.
As regards Loughan's second contention, we find that under the circumstances of this case it was not an abuse of discretion for the deputy to find no excuse for the failure to comply with the time requirements of Section 440.13(2)(b), Florida Statutes (1983). Loughan has not demonstrated any evidence of the existence of a complex legal and/or factual situation. See, J.C. Penny Co. v. Levine, 420 So.2d 416 (Fla. 1st DCA 1982). Accordingly, we must affirm on this issue.
ERVIN and WIGGINTON, JJ., concur.