SMITH, Judge.
The employer/carrier (E/C) appeal an order of the deputy commissioner finding that claimant’s medical care and treatment by Hollywood Memorial Hospital (hospital) was causally related to his industrial accident, excusing the hospital’s failure to timely file medical reports, and ordering payment of the $56,800 hospital bill. We affirm.
While on duty as a security guard for the employer, the claimant was assaulted and beaten by two males. Although claimant returned to work for a brief period, he continued to suffer pain for which he sought treatment from various doctors and the Initial Care Facility (ICF) of the hospital located in Pembrooke Pines. According to the testimony of a close friend, claimant’s physical condition continually declined after the beating. Approximately four months after the accident, claimant passed out and was taken by ambulance to the hospital. Shortly after his admission, claimant lapsed into a coma and he remained in a comatose state until his death three and one-half weeks later. Over a year later, the carrier received the medical reports and the medical bill from the hospital. The carrier filed a notice to controvert.
At the hospital, claimant was treated by Dr. Wagner, an internist. Claimant told Dr. Wagner that he had suffered a severe beating by some youths at work in which he was kicked in the groin area several times and his ribs cracked. Dr. Wagner opined that claimant had rhabdo-myolosis, which occurs when there is a destruction of muscle tissue causing acute nephritis and then renal failure. Claimant’s kidney function initially responded to treatment but then worsened when claimant developed multiple complications. Dr. Wagner causally related claimant’s death to his industrial accident. We find no error in the deputy’s acceptance of the opinion of Dr. Wagner, the treating physician, over that of other doctors who testified. See, Reynolds v. Neisner Brothers, Inc., 436 So.2d 1070, 1072 (Fla. 1st DCA 1983); Finkel v. Enterprise Building Corp., 427 So.2d 1084 (Fla. 1st DCA 1983).
The deputy excused the hospital’s late filing of medical reports and the medical bill, finding that the failure to file resulted from a confused legal or factual circum *1188 stance and the E/C did not suffer any prejudice as a result of the late filing. The deputy may excuse failure to timely file medical reports if he finds that the hospital had good cause for its failure and that'the E/C does not sustain any prejudice because of that failure. Cedars of Lebanon Health Care Center, Inc. v. Summerset, 409 So.2d 185 (Fla. 1st DCA 1982). Where it is clear that failure to file reports resulted from a confused legal situation or complex factual circumstances, the requisite finding of good cause is not necessary. J.C. Penney Co. v. Levine, 420 So.2d 416 (Fla. 1st DCA 1982).
We find no error in the deputy’s ruling on the hospital bill. The claimant, as well as the hospital, share the responsibility of the reporting requirements of section 440.13(1), Florida Statutes (1981). Broward Industrial Plating, Inc. v. Weiby, 394 So.2d 1117, 1120 (Fla. 1st DCA 1981). Here, the claimant remained in a coma during his hospitalization, and he obviously could not insure that the reporting requirements were met. While it is true that claimant told his doctor upon admission to the hospital about the beating incident at work, he thereafter became incapacitated and could not help his health care providers any further. Nor do we find Dr. Wagner’s knowledge of the possible workers’ compensation nature of claimant’s treatment sufficient to impart knowledge of this fact to the hospital. We note in this connection that Dr. Wagner’s bill is separate and distinct from the hospital bill.[1] Finally, Dr. Wagner’s expressed conviction, in a deposition taken two years after the claimant died, that claimant’s condition was causally related to his industrial accident does not serve as conclusive evidence that the hospital knew, at the time it was treating claimant, of the causal relationship of claimant’s treatment to an industrial accident.
We agree with the deputy’s finding that the E/C has failed to show prejudice resulting from late filing of the hospital bill. The rationale for requiring the filing of timely medical reports is that the employer’s receipt of prompt and accurate medical information is necessary to avoid risk of inflated medical bills and duplicative treatment, as well as to facilitate any decision by the employer to rescind previous denial of benefits. Walt Disney World Co. v. Schiebel, 414 So.2d 602 (Fla. 1st DCA 1982). In this case, it is indisputable that claimant’s initial treatment was on an emergency basis.[2] During claimant’s three and one-half week stay, health care providers were involved in a desperate attempt to save claimant’s life. Once claimant expired, receipt of this medical information was not necessary to avoid the risk of inflated medical bills or duplicative treatment, nor would it facilitate any decision by the employer to rescind a previous denial of benefits.[3] Accordingly, we agree that the E/C failed to show any prejudice by the fact that the hospital did not file a report or bill until over a year after claimant’s hospitalization.
Subsequent to the filing of the notice of appeal in this case, the carrier was declared insolvent and the Florida Insurance Guaranty Association (FIGA) became its successor. Pursuant to section 631.61, Florida Statutes (1985), any amount payable on this claim shall be reduced by the amount of any recovery under another insurance policy. Payment under another insurance policy was not determined at the final hearing before the deputy, since the *1189 final hearing predated the carrier’s insolvency. Accordingly, we affirm the deputy’s order with the proviso that the amount payable pursuant to the deputy’s order shall be reduced by the amount of any recovery under another insurance policy.
AFFIRMED.
JOANOS and WIGGINTON, JJ., concur.

. The record indicates that Dr. Wagner has not filed a claim for payment of His bill, which remains unpaid.

. See Willard Kaufman Co. v. Rawlings, 414 So.2d 641 (Fla. 1st DCA 1982), in which this court recognized that failure to timely file medical reports may be excused when, among other things, the treatment is rendered in an emergency situation.

.This case is unlike Jack Eckerd Corporation v. Coker, 411 So.2d 1026 (Fla. 1st DCA 1982), in which a five month delay in reporting treatment prejudiced the carrier's opportunity to evaluate the claim. In this case, since the claimant died only three and one-half weeks after admission, there was little opportunity for "monitoring" his treatment; and in controverting the claim, the carrier necessarily would have to rely on hospital records and previous medical reports, a factor unchanged by the year’s delay in filing.