MILLS, Judge.
Cook appeals from an order of the deputy commissioner denying his claim for wage loss benefits from 1 May 1985 to 31 May 1986. We affirm in part and reverse in part.
Cook, a heavy equipment operator for Key Colony Beach Golf Club (E/C), injured his low back in September 1982. He continued to perform his normal duties until he was laid off for economic reasons in August 1983. At the time of the layoff, he had not yet reached maximum medical improvement. The E/C paid temporary total disability benefits from 27 August 1983 until MMI, 21 November 1984, and wage loss thereafter until 31 January 1985. Although Cook originally claimed wage loss from 1 February 1985 and continuing, his claim was limited by stipulation to the period between 1 May 1985 and 31 May 1986. The E/C also agreed that there was a valid job search for all months claimed save May and June 1985.
With regard to the May and June 1985 work searches, Cook conceded that he had not looked for work at all in May 1985, because his rehabilitation counselor told him that no search was necessary in the area of his residence (Marathon, Monroe County, Florida). A limited search was performed in June 1985, reflecting six contacts for that month. As noted above, the E/C repeatedly stated that it had no problem with the searches for the other months claimed. The E/C did elicit evidence that, in the course of Cook’s job search, he often returned to potential employers who had already told him they would not hire a person with a back injury. Cook explained that these returns were necessitated by the extremely limited number of employers in his area.
The only medical evidence relative to Cook’s claim was received from Dr. Freund, Cook’s treating physician. He testified that he was aware that Cook had continued to work after his injury but that, after he was laid off in August 1983, he told Cook to leave off heavy work completely. Freund established MMI as 21 November 1984 with a 25% permanent impairment. He further testified that, as a result of his injury, Cook could not lift, sit or stand for long periods or do any heavy work whatsoever.
At the conclusion of the hearing, the deputy orally ruled in favor of the E/C, stating that “the unfortunate part for this claimant is that he continued to work after his injury.” In his written order, he rejected the uncontradicted medical testimony as to permanent limitation and restrictions, based on Cook’s demonstrated ability to work at heavy labor immediately after the injury. He further rejected Cook’s explanation for the lack of a job search in May 1985, as well as the good faith of the remainder of the search, in that Cook had returned to some of the same employers who had already rejected him, thus voluntarily limiting his income.
From the language of the order and his statements at the hearing, it is clear that the deputy’s primary reason for denying this claim was that Cook was able to perform his normal duties for 10 months after the 1982 accident, or until August 1983. Based on this demonstrative evidence of ability to work, he rejected uncontradicted medical evidence that, from MMI on 21 November 1984, Cook was unable to perform his normal duties and suffered a 25% permanent impairment as a result of his accident. The D/C also rejected Cook’s job search, although it was unchallenged by the E/C save for the months of May and June 1985, on the ground that some of the *1028 employers contacted by Cook had previously rejected him.
With regard to the medical evidence, it is true that, if the circumstances themselves are persuasive enough, a conclusion supported by no medical testimony may stand in defiance of medical testimony to the contrary, particularly on such simple matters as the actual ability or inability of the claimant to perform his work. Magic City Bottle & Supply Co. v. Robinson, 116 So.2d 240, 243 (Fla.1959); McCandless v. M.M. Parrish Construction, 449 So.2d 830 (Fla. 1st DCA 1984). However, in McCandless, the court refused to employ that principle where there was no conflict between lay testimony and medical testimony, and noted that it was an abuse of discretion to reject uncontroverted medical testimony without a reasonable explanation. McCandless, at 834.
In this case, the only evidence contradicting the medical testimony of permanent impairment and restrictions was Cook's ability to work more than a year before he reached MMI. There was absolutely no evidence of ability to work at the time to which the medical opinion pertained and for which wage loss was claimed. Therefore, we find that it was error to rely on demonstrative evidence which did not pertain to the time for which Cook would be eligible for wage loss benefits (after MMI) to reject uncontradicted medical evidence of permanent impairment and restriction.
With regard to Cook’s work search, the D/C rejected his testimony that he did not look for work in May 1985 because he was told he did not have to. The deputy commissioner may judge the credibility of witnesses appearing before him and reject their testimony in whole or in part. McCandless, at 833. Therefore, because there was no work search in May 1985, we affirm the denial of benefits for that month. However, the D/C rejected the remainder of Cook's search because some of the contacts were returns to places that previously rejected him.
The good faith of a work search must be determined in light of all existing circumstances. Rmghng Brothers Barnum and Bailey Circus v. O’Blocki, 496 So.2d 947, 949 (Fla. 1st DCA 1986). In this case, Cook’s explanation for his returns, that they were necessitated by the small town in which he lived, was uncontradicted by the E/C and the D/C did not indicate that he disbelieved Cook on this point. Therefore, the circumstance of duplicative contacts cannot be used as evidence that Cook voluntarily limited his income or looked for work in less than good faith, but shows simply that, if he was to conduct a search adequate in the number of contacts, he was going to have to duplicate some of his inquiries.
Therefore, with the exception of May 1985, for which there is competent substantial evidence to support the denial of wage loss benefits, the order of the deputy is reversed and the case remanded for entry of an order consistent with this opinion.
WENTWORTH and BARFIELD, JJ., concur.