552 So.2d 961 (1989)
Alfred GRACE, Appellant,
v.
COLLIER COUNTY SCHOOL BOARD and Gallagher Bassett Services, Appellees.
No. 89-353.
District Court of Appeal of Florida, First District.
November 9, 1989.
*962 Anthony J. Diamond, of Diamond & Diamond, P.A., Fort Myers, for appellant.
Thomas W. Franchino, of Siesky and Lehman, P.A., Naples, for appellees.
ERVIN, Judge.
In this workers' compensation appeal, claimant seeks reversal of an order denying him wage-loss (WL) benefits, entered on the basis that claimant's work search efforts were inadequate. We reverse and remand for further findings.
Claimant suffered an industrial accident on August 20, 1987, and subsequently filed a claim for temporary partial disability benefits for February 26, 1988 through March 10, 1988, and WL benefits for the months June, July, October, and November 1988. The essential findings of the order denying benefits are as follows:
1. The claimant is a 61 year old man. He attended a vocational high school. He was in the United States Navy. He worked for 30 years for a pharmaceutical company in its plant maintenance division basically as a pipe fitter and millwright.
2. While working as a maintenance man for the school board, the claimant was installing a pipe. While using a drill, he suddenly felt a sharp pain up his arm into his neck. He went to the emergency room and his care was undertaken by Dr. Spil. He has had a cervical laminectomy. Dr. Spil has given a fifteen percent disability rating; Dr. Lowell has awarded seven percent. Today he complains of pain and weakness in the shoulder and arm.
3. The employee has not worked since the date of the accident. He is obviously unable to return to his former duties at the school board and there is no evidence to show that the school board has undertaken to provide light work for this claimant. The claimant has [not] attempted to find work through the Florida State Employment Service. His job search records indicate he has made one contact per day approximately three times per week.
4. The claimant additionally suffers from some angina and high blood pressure together with diabetes which apparently are controlled by medication. The claimant has a significant disability due to his industrial accident. Nevertheless, *963 I find the claimant's efforts to return to work and to find gainful employment are inadequate.
We remand the cause for further findings regarding the judge's conclusion that the claimant's job search efforts were inadequate. For example, we cannot tell from the above order whether the judge, in reaching his decision that claimant's efforts in seeking employment were inadequate, focused solely upon the number of contacts made by the claimant during his job search. As we observed in Regency Inn v. Johnson, 422 So.2d 870, 877-78 (Fla. 1st DCA 1982), review denied, 431 So.2d 989 (Fla. 1983):
There are, of course, an infinite number of facts and circumstances which may bear upon the adequacy or good faith of a work search, but the mere articulation of some work search deficiency under the facts of a particular case does not convert that element into an essential evidentiary requirement to be met by affirmative proof in every case.
In other words, the judge's "responsibility is to decide whether claimant's efforts were reasonable and performed in good faith in light of all the existing circumstances." Paramount Poultry v. Mims, 472 So.2d 1281, 1282 (Fla. 1st DCA 1985). These circumstances can properly include "the claimant's actual physical impairment, age, industrial history, training and education, motivation, work experience, work record, diligence and the like." Regency Inn, 422 So.2d at 877 n. 5.
Although the trier of the fact may judge the credibility of the witnesses appearing before him and reject their testimony in whole or in part, McCandless v. M.M. Parrish Constr., 449 So.2d 830, 833 (Fla. 1st DCA 1984), nevertheless, if the judge's written findings fail to inform a reviewing court whether the judge properly considered all of the circumstances relating to the adequacy of the claimant's efforts to establish WL, the court's order must then be reversed and the cause remanded for additional findings, so that the judge's conclusion may be explained in greater detail. See Hunley v. A.D. Weiss Lithograph, 489 So.2d 1206, 1208 (Fla. 1st DCA 1986).
It is possible that the judge reached his determination of an inadequate job search due to evidence in the record disclosing that the claimant's efforts to obtain employment involved a number of duplicative contacts. If this fact influenced his decision, then his order requires greater elucidation. Compare Cook v. Key Colony Beach Gulf Club, 510 So.2d 1026 (Fla. 1st DCA 1987), wherein we disapproved a judge's determination of an inadequate work search, because the claimant's explanation established that his returns to the same employers were required by the small area in which he lived. Although we can take judicial notice that the employment opportunities in the area where claimant at bar worked (Fort Myers) are greater than those where the claimant in Cook was employed (Marathon, Monroe County), nevertheless, the judge should have determined whether claimant's return to a number of prior contacts may have been for some other legitimate reason, such as prior limited work experience, or by a deficient education which may have disqualified him from a greater number of employment opportunities.
Nor can we determine whether the judge concluded that the claimant's job search efforts were not conducted in good faith, due to claimant's limiting his contacts with potential employers whose work involved physical labor greater than that which claimant should have reasonably realized he was able to perform. The record does show that most of the contacts indicated on claimant's work search forms apparently required lifting in excess of 25 pounds, and claimant, because of his industrial accident, had been placed on restrictions from returning to heavy duty work. If the judge concluded that this indicated lack of good faith, we would remind him that the record reflects that claimant's former employer did not provide other employment to him, nor did it offer him any rehabilitation. Section 440.49(1)(a), Florida Statutes (1987), places the duty upon the employer/carrier to provide prompt rehabilitation services to *964 an employee when "it appears that the injury will preclude the employee from earning wages equal to wages earned prior to the injury." Although Chapter 440 does not require an employer to automatically provide WL benefits to a permanently impaired worker if it fails to offer the worker other employment or rehabilitation benefits, we believe that an employer who fails in this material obligation risks a judge's consideration of such factor when determining the adequacy of a good faith job search, particularly when evaluating the type of employment sought by the impaired claimant, based upon his prior work experience.
We therefore do not believe that the judge, in reaching his conclusion, adequately considered such factors as the employee's age, his physical limitations, industrial history, and educational background. Accordingly, consistent with our decision in Hunley v. A.D. Weiss Lithograph, we reverse the judge's order and remand the case for further proceedings in accordance with this opinion.
NIMMONS and ZEHMER, JJ., concur.