ZEHMER, Judge.
Horace Johnson appeals a workers’ compensation order denying his claim for medical and permanent disability benefits on the ground that the eye injury he sustained during his industrial accident had completely resolved and any current eye problems were caused by his pre-existing glaucoma. Because the judge of compensation claims rejected, without explanation, uncontro-verted medical testimony that the industrial accident caused claimant’s current eye condition, we reverse.
Claimant was injured while working for Seacrest Management Inc. The spinning *622 blade of the grass-trimming machine he was operating struck a rock and the rock flew up and hit him in the left eye. During the weeks after the accident, claimant’s left eye developed neovascular glaucoma and its vision deteriorated to the point that the eye was able to perceive light only. While it is undisputed that claimant suffered from chronic open angle glaucoma in both eyes prior to the accident, it is also undisputed that after the accident claimant’s right eye did not develop neovascular glaucoma and the vision of that eye remained at 20/40.
Dr. Lowe, the ophthalmologist who treated claimant after the accident, testified that he could not render an opinion within a reasonable degree of medical probability as to the cause of claimant’s left eye condition. The most he was willing to say was that it was “possible” that the industrial accident caused the condition. Dr. Hodapp, an ophthalmologist who examined claimant’s eyes on one occasion pursuant to a referral by Dr. Lowe, stated in a letter that she was unable to determine the cause of claimant’s left eye condition. Dr. Wintrich, an ophthalmologist who examined claimant’s eyes both before and after the accident, testified that “within a reasonable degree of medical certitude” the industrial injury to the left eye caused the change in that eye.
The judge of compensation claims reviewed this evidence and entered an order denying the claimed benefits based on her finding that
the opinions of Dr. Lowe and Dr. Hodapp that Claimant’s current eye problems are not, within reasonable medical probability, related to the incident of April 4, 1988, convinced me that that is the case. The contrary opinions of Dr. Litinsky have been noted.
This finding is not supported by competent, substantial evidence. Neither Dr. Lowe nor Dr. Hodapp stated that “within a reasonable degree of medical probability” the condition of claimant’s left eye was not causally related to the industrial accident. Rather, both of these doctors only expressed uncertainty as to the cause of claimant’s left eye condition, so their opinions with regard to causation do not have the requisite probative value. Dr. Wintrich testified that since the accident, the angle of the left eye is “entirely different” from the angle of the right eye and that the left eye has none of the normal anatomy similar to the right eye. He opined, “within a reasonable degree of medical certitude the traumatic injury to the left eye” caused the change in the angle of claimant’s left eye which, in turn, has resulted in a sealing of the opening from which the fluid normally exits the eye. The inhibition of fluid, according to Dr. Wintrich, causes glaucoma and elevated ocular pressure.
The appealed order does not even mention Dr. Wintrich’s testimony. Employer and carrier argue that the judge of compensation claims obviously was referring to Dr. Wintrich when she stated that she had noted the contrary opinion of Dr. Litinsky. Dr. Litinsky did not render any opinion at all on causation. The judge was clearly incorrect in her interpretation of the medical testimony. However, even if the judge intended to acknowledge Dr. Wintrich’s opinion, she did not give any explanation for rejecting the only opinion based on reasonable medical probability. The rejection of uncontroverted medical testimony without a reasonable explanation is an abuse of discretion. McCandless v. M.M. Parrish Construction, 449 So.2d 830 (Fla. 1st DCA 1984).
The order is reversed and this cause is remanded with directions that the judge either give a reasonable explanation based on competent substantial evidence for her rejection of this testimony or accept the testimony and award appropriate benefits.
REVERSED AND REMANDED.
WOLF, J., concurs.
BOOTH, J., specially concurs with opinion.