PER CURIAM.
This record is devoid of competent substantial evidence to support the conclusion of the JCC that claimant’s main problems are emotional and that massage therapy will not be of benefit to the claimant. The unrefuted medical testimony clearly states that claimant currently suffers from physical symptoms of muscle spasm, stiffening and loss of flexibility as a direct result of his compensa-ble injury, and that the requested massage therapy will be beneficial in alleviating these problems. Furthermore, Dr. Weiss, claimant’s authorized treating physician, testified expressly that claimant does not suffer from chrome pain syndrome. The JCC appears to have relied upon the deposition of a second doctor, taken nearly two years before, with reference to an earlier claim for a home spa with massaging jets. That second doctor testified that a home spa was not warranted for claimant, and would be used more for relaxation than for any beneficial treatment. However, he testified expressly that whirlpool massage therapy would be justified if claimant suffered from muscle spasms and rigidity. The only expert testimony regarding claimant’s current physical condition which was before the JCC in regard to the current claim for massage therapy was that claimant does currently suffer muscle spasms and loss of flexibility. The JCC abused his discretion in rejecting the unrefuted medical testimony without a reasonable explanation. See Johnson v. Seacrest Management, Inc., 587 So.2d 621 (Fla. 1st DCA 1991). Accordingly, we REVERSE and REMAND with directions to offer a reasonable explanation based upon competent substantial evidence for the rejection of Dr. Weiss’s testimony, or to accept the testimony and award appropriate benefits.
ALLEN, WEBSTER and DAVIS, JJ., concur.